EASTERN DIST.
*May*, 1837.

HEFFORD ET AL.
*vs.*
MORTON ET AL.

Where the loss of a vessel, occasioned by collission with a steam-boat, is shown to be the result of accident, and not from misconduct or want of skill in the persons navigating the boat, her owners will not be liable.

---

## HEFFORD ET AL. *VS.* MORTON ET AL.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where the holders of a promissory note signed an agreement with other creditors of the *maker* of the note, "granting him an extension of two years for the payment of their respective claims," and there is no evidence of his acceptance of these terms, the endorsers will not be discharged.

This is an action by the plaintiffs, as holders of a promissory note for seven hundred dollars, drawn by Henry L. Webb, the 10th March, 1834, payable thirty days after date, to Morton, Brown & Co., who endorsed it in blank.

The defendants pleaded a general denial ; and further averred, that on the 13th January, 1836, the plaintiffs entered

into a written obligation with H. L. Webb, the maker of said note, by which they have agreed to grant him two years longer for the payment of their claim against him, which he has accepted, whereby they have impaired their recourse against said Webb, and discharged the endorsers.

Upon these pleadings and issues the parties went to trial.

The agreement set up in the defence is stated at large in the opinion of the court. A copy of this agreement, only, by consent was produced in evidence, while it was admitted the original still existed. Both the plaintiffs and defendants signed this agreement as creditors of Webb, but there was no evidence to show that he ever accepted the terms of the agreement.

The parish judge was of opinion that the agreement signed by the creditors of Webb, was only a proposal to give him an extension of time, which was not shown to have been accepted. Judgment was rendered in favor of the plaintiffs, from which the defendants appealed.

*F. B. Conrad,* for the plaintiffs, urged the affirmance of the judgment.

*Preston* and *Randall, contra,* contended that the written agreement signed by the creditors of Webb, gave him an extension of time, which discharged his endorsers.

2. The acceptance of this agreement by Webb, and his taking the paper into possession, are and must be presumed, because no person could possibly refuse such a favor or indulgence under the circumstances.

*Carleton, J.,* delivered the opinion of the court.

The defendants being sued as the endorsers of a promissory note, pleaded that an agreement had been entered into between the plaintiffs and maker of the note sued on, by which an indulgence of two years was extended to the maker, who accepted the same, and the defendants consequently discharged.

The agreement is in the following words : " we, the undersigned, creditors of Henry L. Webb, do hereby agree and bind ourselves to grant an extension of two years for the payment of our respective claims against him, provided he gives us within three months from the date hereof his obligation for the same, bearing interest at the rate of six per cent. per annum.   New-Orleans, January 13, 1836."

Then follows the signatures of the creditors, among whom are those of both plaintiffs and defendants.

The cause was tried by the court, and judgment having been rendered for the plaintiffs, the defendants appealed.

The defendants having based their defence upon the acceptance by the maker of the note, of the respite accorded by this agreement, the judgment of the Parish Court turned mainly upon this point, and we think the reasoning of the court is correct.

Had the maker of the note been a party to the contract, or had accepted it within a reasonable time, there can be no question that the defendants would have been put in *duriore casu*, and discharged by the indulgence extended to the maker.

Defendants' counsel argued with much ingenuity, to show that the maker's acceptance is to be presumed, as the agreement was intended for his advantage ; that it was advantageous to him, does not, however, so clearly appear ; for by the terms of the instrument, the maker was bound to pay six per cent. interest for the indulgence ; whereas, he paid only five on protested notes, and none on open accounts, if any existed.

He also contends that the acceptance of the debtor is to be presumed from the absence of the original agreement, a copy only, having been produced at the trial ; that the original must therefore have been in his keeping, and hence, his acceptance is to be inferred.   But this by no means follows, for the original may have been in the possession of some of the creditors, for whose advantage the stipulated interest was intended.

Where the holders of a promissory note signed an agreement with other creditors of the maker of the note, "granting him an extension of two years for the payment of their respective claims," and there is no evidence of his acceptance of these terms, the endorsers will not be discharged.

EASTERN DIST.  Be this, however, as it may, the contract was bilateral
*May*, 1837.  and defendants rightly conceived that it was necessary to
TOUSSAINT  allege and prove its acceptance by the maker of the note.
*vs.*  This we conceive they have wholly failed to do.
HIS CREDITORS.

We are of opinion there is no error in the decree of the
court below.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the Parish Court be affirmed, with costs.