SAMUEL BRICKELL and others *v.* ROSEL FRISBY and others.

Where a collision between steamers or other vessels was the result of accident, the loss must be borne by the party on whom it has fallen. Where both were in fault, the damage must be divided  Where one only was to blame, the whole loss must be borne by him.

APPEAL from the District Court of the First District, *Buchanan*, J.

BULLARD, J.  This is an action by the owners of the steamboat Commerce to recover damages of the owners of the steamboat Lady of Lyons, alleged to have been *caused by a collision* in the Mississippi river, by the fault of the officers and crew of the latter boat; and the plaintiffs are appellants from a judgment in favor of the defendants.

We are in the habit of attaching great importance to the decisions of the courts of the first instance in matters of fact, and never reverse them, unless convinced there has been manifest error. Cases like the present, however, differ materially from ordinary ones. Whenever a collision has taken place, the first inquiry is, was it a mere accident—a fortuitous event? If so, the misfor-

tune is to be borne where it fell. If both parties were in fault—if the collision might have been avoided, and more or less blame is imputable to both parties, as in cases of racing, as it is called, then the damage is to be divided. If, on the other hand, one of the boats was in fault, then the damages are to be wholly sustained by it. In the case now before us, we are satisfied that the collision was not a fortuitous event, the result of *vis major*, and the question with us is, whether each boat shall pay equal portions of the damage sustained, or whether the whole ought to fall upon the defendants? It is manifest, that, in a broad river, both boats running up the stream, and in full view of each other, it was easy to avoid a collision, with the least prudence and skill.

Notwithstanding the conflicting testimony in the case, three things are incontestibly proved : *First*, that the Commerce was of superior speed, and at no time out of the line which it had a right to pursue, and might have pursued with safety if the Lady of Lyons had not deviated from her course. *Second*, That at the moment of the collision, the Commerce was in the act of sheering off to avoid the blow, which she received obliquely, at an angle of about thirty-five degrees with the other boat, about the wheel-house. *Third*, That the Lady of Lyons sheered off three different times from her course, so as to run ahead of the Commerce. She was running round a point in rather shallow water, and the Commerce was near the middle of the river.

On the part of the Commerce there was, therefore, the absence of every imaginable motive to run afoul of the other boat. She was able at any moment to pass her, and had done so some days before. On the other hand, there seems to have been, on the part of some of the persons employed on the Lady of Lyons, a disposition to keep ahead, and to thwart the other boat, and prevent her passing. One of the engineers on board the Lady of Lyons very candidly states that, " from the time they left the wood-yard until the collision took place, the Commerce was endeavoring to pass the Lady of Lyons, and we were using all endeavors, as far as our safety permitted, not to let her, and we were keeping as near as could be to the sand-bar; so much so, that at one time I thought she would run on it."

It was in this situation of things, that the Lady of Lyons sheer-

ed off twice, so as to endanger the Commerce if she had continued her course. The pilot was heard to exclaim, " you can't come it," or words to that effect, and on the third occasion of sheering, the two boats came in contact. There was a loud laugh on board the Lady of Lyons. The excuse for sheering was, that boats running in shallow water are apt to do so, and that seems to be admitted. But it is difficult to believe that the sheering off to such an extent, and so repeatedly, was occasioned by an uncontrollable disposition of the boat to run off into deeper water, especially when it is admitted by the captain that their running so near the sand-bank was to prevent the Commerce from passing. The account which the engineer of the Lady of Lyons gives of the collision and the cause of it, does not appear to us satisfactory, nor even consistent with itself. It is shown by evidence, which is not contradicted, that the same pilot had run the boat across the track of the Commerce some days before, on the same voyage. He is shown to be a man addicted to the use of intoxicating liquors. It is in a great measure the inordinate use of such liquors, and the excitement and wrecklessness which it generates among men connected with steamboats, that we must attribute the disgraceful fact, that the navigation of the broad and tranquil rivers of the west and south-west, has become more dangerous, and costs annually a greater waste of human life, than that of the Atlantic ocean, with all its currents, and storms, and rock-bound coasts. It is time that an example should be made. It is time that those who are interested in this business should be taught by exemplary damages, if they cannot be reached in any other way, that they cannot sport with impunity with the lives of those who, from necessity, trust to their skill and prudence ; and that if they employ intemperate and reckless men in the management of their boats, they must take the consequences. A cursory reading of the evidence left a decided impression upon our minds that the collision was attributable to the fault of the Lady of Lyons, and a more minute examination and analysis of the whole of it, has confirmed that impression. We regret that the evidence is not sufficient to enable us to pronounce at once upon the *quantum* of damages ; but it is perhaps best that it should be left to a more appropriate tribunal, a jury of the country.

It is, therefore, adjudged and decreed that the judgment of the District Court be reversed; that the cause be remanded for a new trial; and that the appellees pay the costs of the appeal.

*Peyton*, for the appellants.

*Hooper*, for the defendants.