Ilsley, J.
A collision having occurred on the 4th of July, 1865, between the steamboats Una and T. D. Hine, the plaintiffs have sued to recover from the defendants damages, whioh it is alleged in the petition was occasioned by the carelessness, neglect and want of skill, in the direction and management of the steamboat T. D. Hine.
The answer is in effect a general denial, and there is also a demand in reconvention, set up by the defendants.
The Court below attributed the collision to the want of skill, and the non-observance of caution on the part of the officers of the Una, who could, as the Court says, have prevented the collision ; and judgment was rendered in general terms in favor of tho defendants, thus substantially settling all the points in controvery. Anderson v. Dunn, 17 La. 172. And from this judgment the plaintiff has appealed.
The collision took place on Bed Biver, under the following circumstances :
Owing to an intervening point of land, the two boats were invisible to each other until they were three hundred yards only apart.
When the pilot of the Una first perceived the Hine, he discovered there was something wrong with her, and the headway of the Una should then have been stopped ; but, instead of doing this, he continued his course unchecked, until he got within fifty or sixty yards above the Hine, when, for the first and only time, he signalled for the starboard, and, as he says, “ worked slow perhaps for half a minute, and then put on steam to try and pass the Hine as she was swinging across the river.” This was certainly a very hazardous, and, as it turned out, a somewhat disastrous undertaking.
A skilful pilot might, by the use of precautionary means, and observing rules established by law, have avoided the disaster. The engineer of the Hine gives this version of the event : ho says, “the Hine had become unmanageable ; her tiller and bell-rope communicating between the pilot and the engineer were both broken, and the boat was swinging out, about square across the river, so that the engineers could not tell what they were doing. The Hine had run up and stopped under the point, but not being able to work her wheel, to keep her bow on shore, she swung out and the Una attempting to run by, came within a few feet of doing so ; but' the boats came together. ”
The position occupied by the Hine in the river, was accidental and unavoidable; she was helpless, and there being no means of *305 communicating between the pilot and the engineers, accounts for her giving no signal. It has been frequently decided in our courts that no damages can be recovered in cases of collision, if the plaintiff has by his fault, negligence or mismanagement, contributed to the collision. Ho must, himself, be free of fault. This is the settled jurisprudence of this State. Myers v. Perry, 1 An. 372 ; Carlisle v. Hollon, 3 An. 48 ; Murphy v. Diamond, 3 An. 441 ; Reese & Segar v. Steamboat Mary Tobey, 6 An. 71; Edged, Mulford & Co. v. Barataria and Lafourche Co., 6 An. 425; Quarrier v. Richards, 7 An. 277 ; Dunn & Sacket v. McConel, 11 An. 325. And particularly if a collision be the result of accident, the one in fault must bear the whole loss. Brickle v. Frisby, 2 Rob. 205; Virginia Insurance Co. v. McClendon, 11 La. 115.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.